UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MONDARAY WHITAKER                                              15-CV-1474 (MKB)(VMS)

                              Plaintiff,                   **AMENDED COMPLAINT**

   -against-                                                                    **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
 MALERIE TREUMAN, POLICE OFFICER
CECILIA PENA and "JOHN DOE"
(the name John Doe being fictitious as his true
name is presently unknown),

                              Defendants.
-------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, P.O. Malerie Treuman, P.O. Cecilia Pena and "John Doe" (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Defendants P.O. Malerie Treuman, P.O. Cecilia Pena and John Doe were police officers employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

10. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

11. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

12. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about February 24, 2014, at approximately 10:30 p.m., plaintiff had just gone to a store near his residence where he purchased some soap and was walking back to his house with his dog on a leash when about three police officers stopped him near the front of his residence located at 319 Kingsborough 3rd Walk, Brooklyn, New York.

14. On the date and time aforementioned, as plaintiff approached the front of his building complex, he was cut off by a car. Then three plain-clothed police officers jumped out of the car and surrounded plaintiff and his dog. Plaintiff thought they were going to rob him because they had failed to announce that they were police officers from the beginning of the incident.

15. The officers asked plaintiff where he was coming from and whether he had any weapons. Plaintiff advised them that he was coming from the store on Buffalo and Atlantic Avenue, about a block away and that he had no weapons.

16. One of the officers took the dog leash from plaintiff and took the dog into plaintiff's building and upstairs to plaintiff's apartment while the other two officers detained plaintiff in front of his building.

17. Plaintiff asked the officers what was wrong and why they had stopped him but the officers ignored plaintiff's questions at this time.

18. The officers searched plaintiff on the sidewalk outside his building. The search was very intrusive as the officers pulled down plaintiff's pants, touched him on his buttocks and private parts. They took plaintiff's shoes off and pulled down his socks. Nothing illegal was found on plaintiff after the search.

19. As plaintiff was being searched in the manner stated above, he cried for the officers to stop strip-searching him. As he cried for them to stop, one of the officers grabbed him by his shirt and started choking him while another officer tried to bend plaintiff's finger.

20. The officers hit, punched and kicked plaintiff on the face, stomach, back, head and all over his body and they twisted his left thumb.

21. Then plaintiff was thrown inside the police vehicle and placed in handcuffs.

22. While plaintiff was lying on the back seat of the police car, the officers again hit, punched and kicked him on various parts of his body before closing the door of the car.

23. Thereafter, plaintiff was transported to the 81st police precinct where he was fingerprinted, photographed and placed in a holding cell. They took plaintiff's keys but did not give him any vouchers for it. They are still holding his keys.

24. Plaintiff told the officers many times that he needed to go to the hospital for treatment but the officers ignored his request for many hours before they took him to the hospital.

25. Plaintiff was taken to Central Booking and later charged to court.

26. Plaintiff suffered physical injuries to his left thumb and various parts of his body.

27. And plaintiff suffered and continues to suffer emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

28. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

29. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

30. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

31. Plaintiff reiterates paragraphs 1 through 30 and incorporates such by reference herein.

32. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

33. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

34. Plaintiff reiterates paragraphs 1 through 33 and incorporates such by reference herein.

35. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

36. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

37. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

38. The defendant officers and other John Doe police officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

39. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A FOURTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

40. Plaintiff reiterates paragraphs 1 through 39 and incorporates such by reference herein.

41. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

42. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

43. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

44. Both Internal Affairs Bureau (IAB) and the Civilian Complaints Review Board

(CCRB) have substantially failed in their responsibilities to investigate misconduct and to discipline transgressors. The IAB investigations of brutality rarely lead to any administrative trials and, in the rare instances that charges are sustained administratively, the punishment is minimal, lacking any deterrent effect.

45. The defendant City has been on notice for more than a generation that brutality is widespread and that particular reforms need to be implemented. Acts of brutality have been tolerated by the defendant City.

46. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

47. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

48. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the

7

existence of probable cause to make an arrest;

(c) The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d) The very limited circumstances under which a warrantless search may be carried out.

49. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

50. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

51. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

52. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

53. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

54 As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

55. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

56. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

57. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

### AND AS FOR A FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision Under State Law; Defendant City)

58. Plaintiff reiterates paragraphs 1 through 57 and incorporates such by reference herein.

59. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

60. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, was prevented from attending to his necessary affairs and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

### AND AS FOR A SIXTH CAUSE OF ACTION: MALICIOUS PROSECUTION

61. Plaintiff reiterates paragraphs 1 through 60 and incorporates such by reference herein.

62. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

63. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A SEVENTH CAUSE OF ACTION:
### PENDENT CLAIM OF ASSAULT AND BATTERY

64. Plaintiff reiterates paragraphs 1 through 63 and incorporates such by reference herein.

65. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included beating, punching and kicking him about the face and body without cause at the 81st precinct. The use of physical force against plaintiff was willful, unwarranted, and excessive.

66. The defendant City is responsible for the excessive and unnecessary force used by the defendant officers as set forth above because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting plaintiff, and while they were executing their responsibility to hold him safely in police custody at the 81st precinct.

67. Upon information and belief, defendant City had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

68. By reason of and as a consequence of the assault detailed above, plaintiff suffered severe and serious physical and mental injuries.

### AND AS FOR AN EIGHT CAUSE OF ACTION:
### PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

69. Plaintiff reiterates paragraphs 1 through 68 and incorporates such by reference herein.

70. Plaintiff was wrongfully, unlawfully and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by unknown John Doe police

officers.

71. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

72. The wrongful, unjustifiable, and unlawful arrest, detention and imprisonment of plaintiff was carried out without a warrant.

73. Following his arrest, plaintiff was wrongfully harassed, threatened, strip searched and subjected to the taking of mug shots and fingerprinting.

74. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

75. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

76. At all relevant times, the defendant officers and other John Doe police officers who were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

77. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

**AND AS FOR A NINTH CAUSE OF ACTION:**
**PENDENT CLAIM OF GROSS NEGLIGENCE**

78. Plaintiff reiterates paragraphs 1 through 77 and incorporates such by reference herein.

79. The conduct of the defendant officers in falsely arresting, detaining and battering plaintiff was grossly negligent and intended to cause plaintiff to suffer severe injury and extreme mental and emotional distress.

80. At all relevant times, said defendant officers were employees of the defendant City

through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

81. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
September 20, 2015

                              LAW OFFICE OF PHILIP AKAKWAM, P.C.

                        By:        /s/
                              Philip Akakwam, Esq.
                              Attorneys for the Plaintiff
                              303 Livingston Street, 2nd Floor
                              Brooklyn, N.Y. 11217
                              (718) 858-2488

Index No. 15-CV-1474 (MKB)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MONDARAY WHITAKER

                       Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER
MALERIE TREUMAN, POLICE OFFICER
CECILIA PENA and "JOHN DOE"
(the name John Doe being fictitious as his true
name is presently unknown),

                     Defendants.

---

## AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____